# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BALDOMERO RODRIGUEZ,<br>    Appellant, | DOCKET NUMBER<br>DE-0752-18-0023-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>    Agency. | DATE: April 25, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Leticia Dominguez</u>, Esquire, El Paso, Texas, for the appellant.

<u>George Yu</u>, White Sands Missile Range, New Mexico, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the initial decision regarding the appellant's retaliation claim, we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant was formerly a GS-9 Supervisory Security Guard at the White Sands Missile Range. He was required, as a condition of employment, to maintain certification under the agency's Personnel Reliability Program (PRP). Initial Appeal File (IAF), Tab 10 at 37. Following an investigation into allegations of misconduct, the agency first temporarily, then permanently, disqualified him from the PRP. *Id.* at 17-18, 28-29; IAF, Tab 12 at 11. Following his permanent disqualification, the agency removed him effective September 30, 2017, based on a charge of Failure to Meet a Condition of Employment. IAF, Tab 10 at 11-15, 17-20, 27-29, 38; Tab 12 at 11. He appealed and, after a hearing, the administrative judge issued an initial decision in which he sustained the charge and found that the appellant failed to prove his affirmative defenses of retaliation for equal employment opportunity activity and harmful error; the agency proved nexus; there were no vacant positions for which the appellant qualified to which he could be reassigned that did not require PRP certification; and removal was within the tolerable bounds of reasonableness. IAF, Tab 21, Initial Decision (ID) at 13-21.

The appellant petitions for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency responds in opposition to the petition for review and the appellant replies to the agency's response. PFR File, Tabs 3-4.

The agency proved its charge by preponderant evidence.

Adjudication of a removal appeal requires the Board to determine whether the agency has proven the charge on which the removal is based and, when the charge consists of the employing agency's withdrawal or revocation of its certification or other approval of the employee's fitness or other qualifications to hold his position, the Board's authority generally extends to a review of the merits of that withdrawal or revocation. *Adams v. Department of the Army*, 105 M.S.P.R. 50, ¶ 10 (2007), *aff'd*, 273 F. App'x. 947 (Fed. Cir. 2008). Thus, under the circumstances of this appeal, the Board has authority to review the appellant's arguments regarding the agency's decision to disqualify the appellant from the PRP.

The appellant does not dispute that he committed the four acts that led to his disqualification from the PRP. He contends that his infractions were all relatively minor, that others had committed the same or similar offenses without any serious consequences, and that none of his offenses merited his disqualification. As the administrative judge correctly found, however, the deciding official on the disqualification was concerned about the pattern of poor judgment reflected by the aggregate effect of the appellant's conduct rather than the impact of any one instance of poor judgment alone. ID at 14-15; Hearing Recording 1, Track 1 (testimony of the PRP deciding official). One other supervisor committed one of the same acts as the appellant, but he did not have multiple offenses as the appellant did. The deciding official on the disqualification testified that he had never upheld the disqualification of an employee for a single act, but that he would do so if the underlying act were sufficiently serious. *Id*. He emphasized that, as to the appellant, it was not that the individual acts were serious enough to warrant his disqualification from the

PRP; it was the combined effect of those individual acts that demonstrated a pattern of poor judgment and that was disqualifying. That pattern of poor judgment was absent in the other employees who were investigated at the same time as the appellant. We agree with the administrative judge that the agency proved that the appellant failed to meet a condition of employment.

The appellant failed to prove his affirmative defense of harmful error.

The Board cannot sustain an agency's decision in any case if the employee shows harmful error in the application of the agency's procedures in making its decision. *Doe v. Department of Justice*, 123 M.S.P.R. 90, ¶ 7 (2015); *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681 (1991). Reversal of an action for harmful error is warranted where the procedural error, whether regulatory or statutory, likely had a harmful effect upon the outcome of the case before the agency. *Stephen*, 47 M.S.P.R. at 681; *see Doe*, 123 M.S.P.R. 90, ¶ 7.

The appellant contends that the agency committed harmful error in several respects. First, he asserts that the agency erred when his second-line supervisor initially issued the temporary disqualification, because that was a decision committed by agency regulation to the "certifying official," his first-line supervisor. Petition for Review (PFR) File, Tab 1 at 9-10. The appellant is correct. The administrative judge found, however, that the error was harmless; the second-line supervisor was new and issued the temporary disqualification by mistake. ID at 19. The agency swiftly corrected the mistake and the first-line supervisor issued a proper temporary disqualification. ID at 19; IAF, Tab 10 at 36, Tab 12 at 10-11. The appellant contends on review that the error was not harmless because the second-line supervisor's disqualification memorandum instructed the appellant not to report to the worksite, and the appellant's violation of this instruction was one of the reasons underlying his permanent disqualification from the PRP. PFR File, Tab 1 at 9-10. The second-line supervisor may have lacked the authority to disqualify the appellant from the

PRP, but there is no indication that he lacked the authority to bar the appellant from the work site. When the first-line supervisor reissued a proper temporary disqualification, he neither rescinded nor reaffirmed the ban and bar, although he did state that the appellant's "access is restricted." IAF, Tab 12 at 11. More importantly, the appellant did not contend below that he considered the ban and bar to be void because it was contained in the second-line supervisor's disqualification memorandum; he contended that he did not violate the second-line supervisor's instructions because he did not consider the administrative building where he appeared to be part of the "work site" he was not allowed to visit. IAF, Tab 10 at 25. The administrative judge correctly found that the appellant has not shown that the outcome of his case likely would have been different if the second-line supervisor had not mistakenly issued a temporary disqualification memorandum before the first-line supervisor issued essentially the same memorandum.

Second, the appellant contends that the first-line supervisor was not permitted to conduct an independent investigation before issuing the permanent disqualification memorandum. PFR File, Tab 1 at 7-9. The agency's regulations state that, as to *temporary disqualifications*, "The certifying official will promptly investigate all circumstances that may impact the reliability of an individual." IAF, Tab 10 at 54, ¶ 2-29(b). There is no comparable investigation requirement for permanent disqualifications. *Id*., ¶ 2-30. However, the regulations applying generally to "Temporary and permanent removal from PRP duties," provide that "[i]t is not necessary to complete an investigation, to take disciplinary action (either civil or military), or to complete other personnel actions before the certifying official decides whether to disqualify or retain an individual in the PRP. Determination of an individual's reliability rests with the certifying official." *Id*. at 53, ¶ 2-27(b). Thus, contrary to the appellant's assertion, the first-line supervisor was not required to conduct an investigation prior to making a decision on the appellant's permanent disqualification, and the agency's

regulations explicitly contemplated that it might not be appropriate to do so. In fact, the agency had already conducted an investigation, the first-line supervisor had the opportunity to review the investigatory report and supporting evidence, and the first-line supervisor had independent knowledge of all four incidents underlying the disqualification. ID at 19. The administrative judge found, based on his assessment of witness demeanor, that the first-line supervisor was not a credible witness when he claimed that he needed more time to conduct his own investigation. The appellant has not proffered a sufficiently sound reason for setting aside the administrative judge's demeanor-based credibility findings. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (holding that where an administrative judge's credibility determinations are based on the observation of the demeanor of witnesses testifying at a hearing, the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so).

Third, the appellant asserts that the second-line supervisor excessively interfered with the issuance of the permanent disqualification memorandum. PFR File, Tab 1 at 10-12. Specifically, he asserts, "the evidence shows that, if the decision had been left up to [the first-line supervisor], . . . he might not have recommended Appellant's disqualification from the PRP." *Id.* at 12. The first-line supervisor's first draft of the permanent disqualification memorandum did not set forth the reasons for the disqualification and failed to meet the minimum requirements for due process. Under the circumstances, it was entirely appropriate for the second-line supervisor to step in to ensure that the first-line supervisor issued a disqualification notice that met minimum standards of due process. *Compare* IAF, Tab 10 at 27, *with id.* at 28-29. Otherwise, the first-line supervisor simply seems to have been uncomfortable with his decision, but not uncomfortable enough to attempt to make a different decision or to communicate his discomfort to the deciding official who made the ultimate decision on the disqualification. Even on review, the appellant does not argue that the first-line

supervisor likely would not have recommended the appellant's disqualification but for pressure from the second-line supervisor; he only argues that he "might not have" done so. *Cf. Doe, 123 M.S.P.R. 90, ¶ 7* (holding that harmful error cannot be presumed; an agency error is harmful only where the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error); *Stephen*, 47 M.S.P.R. at 681, 685 (same). Given the highly equivocal nature of the first-line supervisor's testimony and the administrative judge's finding that the second-line supervisor was generally more credible than the first-line supervisor, we agree with the administrative judge that the appellant did not show that there was any improper command influence or any error that likely affected the outcome of his case.

<u>The appellant failed to show that his removal was based on retaliation for his prior equal employment opportunity (EEO) activity.</u>

Following the issuance of the initial decision, the Board clarified that a Federal employee proves retaliation in violation of Title VII by establishing that retaliation was a motivating factor in the challenged action. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22, 30. The administrative judge found that the appellant failed to introduce any evidence showing that his prior EEO activity was a motivating factor in the decision to remove him. ID at 16-19. The appellant summarily claims on review that the agency was hostile to EEO claims, PFR File, Tab 1 at 20, but he has not identified any factual or legal error in the initial decision. We agree with the administrative judge's finding that the appellant failed to prove his affirmative defense of EEO retaliation.[2]

We have considered the remainder of the arguments that the appellant raises in his petition for review and find that none of them warrant an outcome

---

[2] Because we affirm the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that retaliation was a "but-for" cause of the agency's decision. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 33.

different from that of the initial decision. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (same).

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.   Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.   The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.   This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.   If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).   If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:     _____
                   Gina K. Grippando
                   Clerk of the Board

Washington, D.C.